# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MACE GAMMON (# 153791)                                                    PLAINTIFF

v.                                                                  No. 4:10CV117-P-S

LEITHA OAKES, ET AL.                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Mace Gammon , who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### *Res Judicata* and Collateral Estoppel

The plaintiff claims that his ex-wife repeatedly calls the prison and alleges that he has called her on a cellular telephone and threatened to kill her. As a result of these calls, the prison staff, as they are required to do, conducts a strip-search of the plaintiff. The calls by the plaintiff's ex-wife have led to invasive searches as often as ten to fifteen times a day. The plaintiff brought these claims in a previous suit in this court, *Gammon v. Oakes*, 4:10CV19-P-A. The court dismissed that case for failure to state a constitutional claim.

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352

(1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his ex-wife's call and the strip-searches that follow – and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Lethia Oakes should be dismissed. Further, under the doctrine of issue preclusion, the plaintiff's claims regarding those same events must be dismissed, as a valid judgment has been entered against the plaintiff in this court covering these precise issues. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed. A final judgment consistent with this

memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of March, 2011.

_____
W. ALLEN PEPPER
UNITED STATES DISTRICT JUDGE